<u>**CLOSING**</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>**UNITED STATES DISTRICT JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST. ROOM 4066**<br>**NEWARK, NJ 07101**<br>**973-297-4903** |

September 10, 2020

<u>VIA ECF</u>

<u>**LETTER ORDER**</u>

Re:   <u>Selective Insurance Company of America v. T-Mobile Northeast, LLC</u>
       <u>Civil Action No. 17-6420</u>

Dear Litigants:

Before the Court is Defendant T-Mobile Northeast, LLC's ("T-Mobile NE" or "Defendant")[1] Motion to Dismiss Plaintiff Selective Insurance Company of America's ("Selective" or "Plaintiff") Complaint, ECF No. 1.1, for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). ECF No. 53. Plaintiff opposes the Motion and cross-moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 54. For the reasons explained below, Defendant's Motion is **GRANTED** and Plaintiff's Motion is **DENIED**.

**I.   BACKGROUND**

This matter involves a dispute over insurance coverage related to a policy that Selective issued to non-party Innovative Engineering, Inc. ("Innovative"). <u>See generally</u> Compl.

**A.   The Insurance Policy & Underlying Litigation**

In order to provide cellular coverage for its customers, T-Mobile NE and its predecessors contracted with Innovative to receive antenna installation services in the New York area pursuant to a Field Services Agreement that, as relevant to this matter, was most recently executed in 2010. <u>See</u> Sheridan Decl. Ex. B (the "FSA"). Under the FSA, Innovative was required to maintain a series of insurance policies with "a full waiver of subrogation in favor of [T-Mobile US], its affiliates and subsidiaries," <u>id.</u> § 7.1, and to provide certificates of insurance "evidencing the coverage required" with T-Mobile US "named as an additional insured under the insurance policies," <u>id.</u> § 7.2.

---

[1] T-Mobile NE is a Delaware limited liability company and a wholly-owned subsidiary of T-Mobile USA, Inc. ("T-Mobile US"). Compl. ¶ 4; Sheridan Decl. Ex. A, ECF No. 11.3.

Consistent with the FSA, Innovative obtained insurance coverage from Selective. As relevant to this dispute, Selective issued Policy S164349108, covering Innovative for the period of January 16, 2012 to January 16, 2013. See Sheridan Decl. Ex. C (the "Policy").

Selective's agent, the Van Dyk Group, Inc. ("VDG"), issued a certificate of insurance to T-Mobile US in 2012. See Sheridan Decl. Ex. E (the "2012 COI"). The 2012 COI identified the certificate holder as "T-Mobile USA Inc., and its Subsidiaries and Affiliates" and explained that the "[c]ertificate holder is included as an additional insured with respect to" the Policy. Id.

On April 23, 2013, Virginia Properties, LLC ("Virginia Properties") filed a lawsuit against T-Mobile US and Omnipoint Communications ("Omnipoint")[2] in New York state court (the "Underlying Litigation"). Compl. ¶ 6. The matter was removed to the United States District Court for the Southern District of New York. Id.; see also Virginia Props., LLC v. T-Mobile USA, Inc., No. 13-3493 (S.D.N.Y.). The Underlying Litigation concerned damages flowing from T-Mobile's construction of a cellular telephone tower on Virginia Properties' building located at 1371 Virginia Avenue, Bronx, New York. Compl. ¶ 6. T-Mobile NE was later substituted as the real party in interest for T-Mobile US. See id. ¶ 9.

On June 13, 2013, T-Mobile NE filed a third-party complaint against Innovative, asserting claims for contribution, common law indemnification, and contractual indemnification. Id. ¶ 10.

Following appellate litigation in the Second Circuit irrelevant to the instant Motions, the parties to the Underlying Lawsuit reached a settlement in February 2018. See Virginia Props., No. 13-3493, Dkt. No. 217 (S.D.N.Y. 2018); T-Mobile USA Inc. v. Selective Ins. Co. of Am., 908 F.3d 581, 584 n.4 (9th Cir. 2018) ("T-Mobile US I"); see also Marone Decl. Ex. P, ECF No. 54.18.

### B.    The Washington Litigation

During the pendency of the Underlying Litigation, T-Mobile US tendered a claim for additional insurance coverage from Selective pursuant to the Policy. See Compl. ¶ 13. Selective denied the tender, reasoning that T-Mobile US was not an additional insured. Id.

On September 21, 2015, T-Mobile US filed suit against Selective in the Superior Court of Washington, King County, asserting claims for breach of contract, declaratory judgment, insurance bad faith, breach of the Washington Insurance Fair Conduct Act, breach of the Washington Consumer Protection Act, and insurance coverage by estoppel (the "Washington Litigation"). See Sheridan Decl. Ex. J (the "Washington Complaint"), ECF No. 11.4. In particular, T-Mobile US sought a declaration that Selective was "obligated to defend and indemnify T-Mobile against the claims asserted in the Underlying [Litigation]." Washington Compl. ¶¶ 24-27. On November 4, 2015, Selective removed the Washington Litigation to federal court in the Western District of Washington. See T-Mobile USA Inc. v. Selective Ins. Co. of Am., No. 15-1739 (W.D. Wash.); Sheridan Decl. Ex. K.

On June 27, 2017, following cross-motions for summary judgment, the Washington District Court dismissed T-Mobile US's claims, reasoning that T-Mobile US was not an additional insured under the Policy. See T-Mobile USA Inc. v. Selective Ins. Co. of Am., No. 15-1739, 2017 WL 2774070 (W.D. Wash. June 27, 2017), reconsideration denied 2017 WL 4700324 (W.D. Wash. Oct. 19, 2017). T-Mobile US appealed, and on November 9, 2018, a panel of the Ninth

---

[2] Prior to the Underlying Action, Omnipoint was legally subsumed by T-Mobile NE. See Compl. ¶ 8.

2

Circuit certified the following question to the Washington Supreme Court: "Under Washington law, is an insurer bound by representations made by its authorized agent in a certificate of insurance with respect to a party's status as an additional insured under a policy issued by the insurer, when the certificate includes language disclaiming its authority and ability to expand coverage?" T-Mobile US I, 908 F.3d at 588.

The Washington Supreme Court responded: "Under this state's law, the answer is yes: an insurance company is bound by the representation of its agent in those circumstances. Otherwise, an insurance company's representations would be meaningless and it could mislead without consequence." T-Mobile USA Inc. v. Selective Ins. Co. of Am., 450 P.3d 150, 152 (Wash. 2019). Based on this answer, the Ninth Circuit reversed the Washington District Court's grant of summary judgment to Selective, finding that Selective "was bound by VDG's representations that T-Mobile US[] was an additional insured under the Policy." T-Mobile USA Inc. v. Selective Ins. Co. of Am., 787 F. App'x 395, 397 (9th Cir. 2019) ("T-Mobile US II"). That litigation remains pending.

### C.     The Instant Litigation

On June 28, 2017, after the Washington District Court granted summary judgment dismissing T Mobile US's claims, but before the Ninth Circuit reversed, T-Mobile NE tendered an insurance claim to Selective regarding the Underlying Litigation. Compl. ¶ 22. On July 27, 2017, Selective "determined that the Professional Services Exclusion within [the Policy] applied and therefore T-Mobile NE was not entitled to coverage as an additional insured for the claims asserted against it in the Underlying [Litigation]," and it denied the tender. Id. ¶ 24; see also Sheridan Decl. Ex. P (the "Denial Letter"), ECF No. 11.5.

On July 27, 2017, Selective filed this lawsuit in the Superior Court of New Jersey, Morris County, Law Division. See Compl. On August 25, 2017, T-Mobile NE removed the matter to this Court. See Notice of Removal, ECF No. 1. The Complaint seeks a declaration that Selective has no duty to defend or indemnify T-Mobile NE in the Underlying Litigation. See Compl. ¶¶ 26-37. T-Mobile NE moved to stay this action pending resolution of the Washington Litigation, which Magistrate Judge Hammer denied on May 8, 2018. See ECF No. 19.

On December 16, 2019, T-Mobile NE informed the Court that it withdrew its insurance tender to Selective (the "Tender Withdrawal"), explaining that T-Mobile US would "directly pursue coverage for the same defense costs at issue in this case based on T-Mobile US[]'s prior tender," consistent with the Ninth Circuit's ruling in T-Mobile US II. See ECF No. 45.

Following a status conference, Magistrate Judge Hammer permitted the parties to file the instant Motions. See ECF Nos. 50, 52. On February 28, 2020, T-Mobile NE filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), arguing that the Court lacks subject matter jurisdiction because the Tender Withdrawal rendered Selective's claims moot. ECF No. 53. On June 10, 2020, Selective opposed the motion and cross-moved for summary judgment. ECF No. 54.

## II.    LEGAL STANDARD

### A.     Motion to Dismiss Under Rule 12(b)(1)

Under Rule 12(b)(1), a plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

In resolving a Rule 12(b)(1) motion, a court first determines whether the motion presents a "facial" or "factual" attack. See Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack argues that a claim on its face "is insufficient to invoke the subject matter jurisdiction of the court," id. at 358, and "does not dispute the facts alleged in the complaint," Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016). A court reviewing a facial attack must "consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Constitution Party of Pa., 757 F.3d at 358. Under a factual attack, the Court "may look beyond the pleadings to ascertain the facts . . . [because] a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." Id. (internal quotation marks and citation omitted) (second and third alterations in original). Here, Defendant's Motion to Dismiss is a factual attack because it asserts the Court does not have jurisdiction over the Complaint since the claims have become moot pursuant to the Tender Withdrawal. That is, it challenges the fact that T-Mobile NE still seeks coverage under the Policy.

### B. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with available affidavits, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[S]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988). All facts and inferences must be construed in the light most favorable to the non-moving party. Peters v. Del. River Port Auth., 16 F.3d 1346, 1349 (3d Cir. 1994).

### III. ANALYSIS

T-Mobile NE argues that the Court should dismiss Selective's Complaint as moot. See Def. Br. at 21-28, ECF No. 53.1. The Court agrees.

Article III of the Constitution limits the Court's jurisdiction "to the adjudication of actual cases and controversies." Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 216 (3d Cir. 2003). Under the Declaratory Judgment Act, "litigants will not satisfy the 'actual controversy' requirement when their dispute becomes moot prior to judicial resolution," Korvettes, Inc. v. Brous, 617 F.2d 1021, 1023-24 (3d Cir. 1980), and "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," Donovan, 336 F.3d at 216 (internal quotation marks and citation omitted). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, T-Mobile NE withdrew its tender to Selective on December 13, 2019, following the Ninth Circuit's decision in T-Mobile US II. See ECF No. 45; see also Moore Decl. Ex. A, ECF No. 53.3. "Courts have held that the withdrawal of a claim under an insurance policy renders a declaratory judgment action moot." Security Nat'l Ins. Co. v. F.D.I.C., No. 13-6736, 2015 WL 1973346, at *3 (E.D. Pa. May 1, 2015) (collecting cases); Associated Indus. Ins. Co., Inc. v. Stahl

4

Cowen Crowley Addis LLC, No. 15-4296, 2016 WL 3088142, at *2 (N.D. Ill. June 2, 2016) (collecting cases and concluding "[n]early every district court that has addressed the continuing validity of a declaratory judgment suit where the insured has withdrawn its claim has held that the case is moot"). The Court sees no reason to depart from these precedents, particularly given the lengthy (and substantially similar) Washington Litigation that is ongoing.[3] Accordingly, the present controversy is moot, so the Court lacks jurisdiction to decide Selective's claims and the Complaint must be dismissed. See Security Nat'l, 2015 WL 1973346, at *4-5 (dismissing declaratory judgment action where defendant "affirmatively and unequivocally represented to Plaintiff and to this Court that it has withdrawn its claim for coverage").[4]

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss, ECF No. 53, is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. Plaintiff's Cross-Motion for Summary Judgment, ECF No. 54, is **DENIED** as moot. This matter is hereby **CLOSED**.

                                                  SO ORDERED.

                                        */s Madeline Cox Arleo*_____
                                        **MADELINE COX ARLEO**
                                        **UNITED STATES DISTRICT JUDGE**

---

[3] Selective makes much of the fact that T-Mobile US "continues to improperly seek coverage on T-Mobile NE's behalf in the Washington [Litigation]," Pl. Br. at 11, 12-14, ECF No. 54.1. Because T-Mobile US is not a party to this action, those arguments are not relevant to the instant dispute and should instead be raised in the Washington Litigation, which remains pending on remand in the Washington District Court. Additionally, Selective asks that the Court find T-Mobile NE is not covered under the Policy as a matter of law. See Pl. Br. at 14-20. Because the instant matter is moot, the Court will not engage in any interpretation of the Policy or its exclusions. See Hamilton v. Bromley, 862 F.3d 329, 337 (3d Cir. 2017) ("[A] judicial decision rendered in the absence of a case or controversy is advisory, and federal courts lack power to render advisory opinions.") (internal quotation marks and citation omitted).

[4] The Court also agrees with T-Mobile NE that the discretionary first-to-file rule counsels towards dismissal in this case. See Def. Br. at 28-33. "Succinctly stated, the first-to-file rule . . . is that '[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'" Allianz Life Ins. Co. of N. Am. v. Estate of Bleich, No. 08-668, 2008 WL 4852683, at *3 (D.N.J. Nov. 6, 2008) (quoting Crosley Corp v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941)). The rule represents a "policy of comity" that "counsel[s] trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases in different federal district courts." EEOC v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988). The "issues and parties involved need not be identical" for the first-to-file rule to apply. Maximum Human Performance, Inc. v. Dymatize Enters., Inc., No. 09-235, 2009 WL 2778104, at *3 (D.N.J. Aug. 27, 2009) (collecting cases). Here, the Washington Litigation was filed first, and it involves substantially identical issues and parties. Indeed, the only difference the Court can divine is that T-Mobile US is party to the Washington Litigation, while its wholly-owned subsidiary T-Mobile NE is party to this action. Otherwise, both actions involve interpretation of the Policy, its exclusions, and the representations of Selective's agent, VDG. See supra Section I.A-C. As such, this is "exactly the situation the first-to-file rule was created to avoid" and dismissal of Selective's Complaint is appropriate. Allianz Life Ins., 2008 WL 4852683, at *3-4.

5